[L. A. No. 1101.    Department One.—December 10, 1903.]

## SOUTHERN CALIFORNIA MOUNTAIN WATER COMPANY, Respondent, v. GEORGE W. CAMERON et al., Appellants.

ACTION TO CONDEMN LAND—DISMISSAL BY PLAINTIFF—STIPULATION— CONDITIONS RENDERED IMPOSSIBLE.—The right of the plaintiff in an action to condemn real property to dismiss it before trial, upon payment of costs, where no counterclaim had been made nor affirmative relief sought by cross-complaint or answer, is not precluded by a stipulation for judgment for the plaintiff at a fixed price, containing conditions for its effectiveness which have never occurred and cannot occur.

APPEAL from a judgment of the Superior Court of San Diego County dismissing an action at plaintiff's request. N. H. Conklin, Judge.

The facts are stated in the opinion.

W. R. Andrews, and W. T. McNealy, for Appellants.

The stipulation precluded the idea of a trial. (*Gregory v. Smith,* 102 Cal. 50; *Cooper* v. *Gordon,* 125 Cal. 296.) The stipulation fixed the rights of the parties, and the plaintiff had no right to dismiss not given by the terms of the stipulation. (Code Civ. Proc., sec. 581; *Killey* v. *Wilson,* 33 Cal. 692, 693; *Clark* v. *Hundley,* 65 Cal. 95; *Robinson* v. *Placerville etc. R. R. Co.,* 65 Cal. 266; *Casey* v. *Jordan,* 68 Cal. 246; *Wyatt* v. *Sweet,* 48 Mich. 539; *Hutchings* v. *Page,* 67 Wis. 207.) Where the plaintiff, by his own default, has been disabled from making the stipulation effective, by compliance with the conditions, he cannot take advantage of his own wrong. (Broom's Legal Maxims, 4th ed., pp. 212, 216, 275. 281.)

Titus & Shaw, for Respondent.

The plaintiff had the right to dismiss the action when the stipulation did not preclude it by its terms. (Code Civ. Proc., secs. 581 (subd. 1), 1256.) In condemnation proceedings the plaintiff may dismiss before judgment, even after

the price is fixed, before it is paid. (*United States* v. *Oregon Ry. and Nav. Co.,* 16 Fed. 524; *State* v. *Heig,* 44 Mo. 116; *Maybon* v. *Halsted,* 39 N. J. L. 600; *O'Neil* v. *Hudson County,* 41 N. J. L. 61; *People* v. *Brooklyn,* 1 Wend. 318;[1] *Fox* v. *Western Pacific R. R. Co.,* 31 Cal. 538; *Lamb* v. *Schottler,* 54 Cal. 319; *Chicago* v. *Barbain,* 80 Ill. 482; *City of Bloomington* v. *Miller,* 84 Ill. 621; *Blackshire* v. *Atchison etc. R. R. Co.,* 13 Kan. 514.)

COOPER, C.—This action was brought to condemn certain real estate alleged to be the property of defendants Cameron. In February, 1901, on plaintiff's motion, the court made an order dismissing the action, and judgment of dismissal was accordingly entered.    This appeal is from the judgment. Plaintiff had the right under the statute to dismiss the case at any time before trial, upon payment of costs, provided a counterclaim had not been made, nor affirmative relief sought by the cross-complaint or answer.    (Code Civ. Proc., sec. 581, subd. 1.)  No counterclaim had been made and no affirmative relief was sought by cross-complaint or answer.    The plaintiff paid the costs.    The above propositions are not disputed, but defendants claim that the plaintiff should not have been permitted to dismiss by reason of a stipulation. On the fourteenth day of May, 1897, the case stood upon defendants' demurrer to the plaintiff's amended complaint, which demurrer was filed in November, 1895, and appears never to have been disposed of in any manner.    On said fourteenth day of May the parties entered into and filed a stipulation as to the value of the land and the number of acres in the respective tracts sought to be condemned.    The stipulation provided that judgment should be entered for plaintiff, as prayed, the value of the land to be fixed as per the stipulation; provided, that no judgment should be entered and no further proceedings had until a final decision of the supreme court in a case then pending therein (referring to the cases of *Meyer* v. *City of San Diego,* and *San Diego Water Co.* v. *City of San Diego,* consolidated, 62 Pac. 211).    Said stipulation further provided: "And if judgment be rendered in said supreme court in said action, whereby it shall appear from

[1] 19 Am. Dec. 582.

the decision of said supreme court that the bonded indebtedness referred to in the judgment of the superior court of San Diego County hereinbefore rendered in said action is, and will be, valid and binding upon said city, and that the bonds which may be issued pursuant thereto will be legal, valid, and binding obligations upon said city, then judgment shall be rendered in this action for the condemnation of said lands described in plaintiff's amended complaint herein, at the valuation hereinbefore fixed and referred to, and the value of said lands, as above stated, shall be forthwith paid to the defendants, respectively, according to their ownership, and if it should finally be decided by said supreme court that said bonds are invalid, then the plaintiff shall have the option to have said judgment entered as the valuation aforesaid, or to dismiss said action.

"It is further stipulated that if the plaintiff herein does not use due diligence in bringing said case now pending in the supreme court, and above referred to, to a hearing before said court, that the defendants, or either of them, at any time upon due notice given to the plaintiff, may have this action dismissed."

The case referred to in the stipulation was afterwards tried in the superior court of Orange County, and judgment entered against defendants in said action, adjudging the contract void, and that the city of San Diego and its officers be perpetually enjoined from carrying out their contract or issuing any bonds, and that the attempted bonded indebtedness of the city of San Diego was void. An appeal was taken from the judgment by the city of San Diego and by this plaintiff, which appeal was dismissed in the supreme court as to this plaintiff, because plaintiff had not executed the proper undertaking on appeal. The appeal was afterwards dismissed in the supreme court as to the city of San Diego, by motion of its own attorney. It thus appears that the bonded indebtedness of the city of San Diego, referred to in the stipulation has never been decided to be valid and binding, nor has it been decided that any bonds which might be issued will be legal or valid. On the contrary, just the opposite has been held, and the judgment of the superior court of Orange County has become final by reason of the

dismissal of the appeals. It is therefore apparent that the conditions mentioned in the said stipulation as to the right to have judgment entered in this case have never occurred. It is also evident that such conditions cannot now occur. This is the view taken by appellants' counsel, for in their brief they say: "The decision provided for in the second paragraph of the stipulation never having been rendered, and, on account of the termination of the cases therein referred to, it being impossible now that any decision of the supreme court can be rendered in said cases, we claim that this paragraph of the stipulation becomes nugatory." The right to have judgment entered on the merits depends upon the stipulation. We look in vain for any provision in the stipulation authorizing judgment to be entered in the present condition of affairs. We do not deem it material here to inquire into the question as to how the present condition of the cases referred to in the stipulation was brought about. We are confined, as to the judgment, to the rights of the parties as measured by the stipulation. If the stipulation was intended to be a sale of the defendants' land to the plaintiff, such intention nowhere appears. On the contrary, it is provided that if it shall be finally decided by the supreme court that said bonds are invalid, "then the plaintiff shall have the option to have said judgment entered at the valuation aforesaid, or to dismiss said action." While the supreme court has not decided that the bonds are invalid, the effect of the appeal being dismissed is to make the decision of the lower court holding them invalid final. The plaintiff, therefore, has the right to dismiss the action, as the stipulation does not now prevent it. Defendants took the precaution to provide that if plaintiff did not use due diligence in prosecuting the case referred to in the stipulation, that, as a penalty, defendants might have the action dismissed. This seems to have been the view taken by defendants' attorney prior to the time plaintiff gave notice of motion to dismiss; for in a letter to plaintiff's attorney, dated May 12, 1899, he quoted the provision of the stipulation as to defendants' right to dismiss for want of diligence, and said: "Consequently said company is no longer in a position to carry out its agreement, as provided for in said stipulation, to use due diligence in the prosecution

of said action of *Meyer* v. *City of San Diego* to a final determination.   Such being the case, it seems to me we are entitled to take action as provided in said stipulation.''   If the stipulation were a valid contract, upon consideration, for the sale of defendants' land to plaintiff, it might be enforced, or damages given in the proper court, but even then it would not prevent plaintiff from dismissing its action for condemnation of the lands.   The result of the stipulation was to bind defendants for a certain time as to the price of the land sought to be condemned, and the withdrawal of any question as to the right of plaintiff to condemn.   They took chances on getting the price per acre for the land as valued in the stipulation.   They did not take the precaution to make the stipulation more certain and definite.   As they did not do so, the court cannot aid them by adding to it matters not provided for.   Defendants still have their land, freed from the stipulation and from the suit pending to condemn.   The result seems to be that which was anticipated by inserting the clause as a protection to defendants in the later part of the stipulation. Defendants were given the right, in case due diligence was not used, to have the action dismissed.   Whether plaintiff used due diligence or not, it has dismissed the action.   If it be true that plaintiff intends to bring another action to condemn the same lands for the same purpose, it is also true that the defendants have the right to contest the proceedings and protect their property.   If they should again enter into a stipulation, it is presumed that they will use due care to protect their rights by the stipulation.

It appears that plaintiff made a prior motion to dismiss this action, which motion was denied without prejudice.   The plaintiff appealed from the said prior order denying its motion to dismiss.   The decision herein makes it unnecessary to review the action of the court in regard to the prior motion.

The order should be affirmed.

Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment of dismissal appealed from is affirmed and plaintiff's appeal from the prior order is dismissed.

Shaw, J., Angellotti, J., Van Dyke, J.

A rehearing in Bank was denied January 9, 1904. Beatty, C. J., then delivered the following dissenting opinion:—

BEATTY, C. J.—I dissent from the order denying a rehearing. The order of the superior court cannot be affirmed without deciding one or the other of two propositions against the appellants, and neither of them has been decided or discussed in the Department opinion. Appellants contend: 1. That if the cause referred to in the stipulation had been decided by the supreme court on the merits, affirming the validity of the bonds of San Diego, the plaintiff could not then have dismissed the action, but would have been bound to enter the judgment as stipulated; and. 2. That being so bound in the contingency stated, the plaintiff became absolutely bound when solely through its default in prosecuting the appeal referred to the condition of its obligation became impossible of fulfillment. These contentions may or may not be sound, but the order cannot be affirmed without deciding at least one of them in the negative.